# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0829V
UNPUBLISHED

| | |
|---|---|
| DAVID K. MCQUINN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 6, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 1, 2021, David K. McQuinn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered injuries, including Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received to his left deltoid on November 27, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 7, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On April 3, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $115,000.00 in pain and suffering and that Petitioner and The Rawlings Company, LLC, jointly should be awarded a lump sum of $20,151.00 for reimbursement of a Medicaid lien. Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

a. **A lump sum payment of $115,000.00, in the form of a check payable to Petitioner, and**

b. **A lump sum payment of $20,151.00, in the form of a check payable to petitioner and The Rawlings Company, LLC, P.O. Box 2000, La Grange, KY 40031. Petitioner agrees to endorse this check to The Rawlings Company, LLC**.

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DAVID K. MCQUINN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 21-829V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

**I.    Procedural History**

On February 1, 2021, David K. McQuinn ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on November 27, 2018, he suffered injuries, including a Table injury of Guillain-Barre Syndrome ("GBS"). *See* Petition. On June 3, 2022, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. On June 7, 2022, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$115,000.00** for pain and suffering, and that petitioner and The Rawlings

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Company, LLC jointly should be awarded a lump sum of **$20,151.00**, for reimbursement of a Medicaid lien.  These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through lump sum payments, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:

a. A lump sum payment of **$115,000.00** in the form of a check payable to petitioner.[2]

b. A lump sum payment of **$20,151.00**, in the form of a check payable to petitioner and The Rawlings Company, LLC, P.O. Box 2000, La Grange, KY 40031.  Petitioner agrees to endorse this check to The Rawlings Company, LLC.

Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

s/Katherine C. Esposito
Katherine C. Esposito
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-3774
katherine.esposito@usdoj.gov

Dated: April 3, 2023